# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1470**

BADASSAWE TEBONOU,

    Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 31, 2021          Decided: May 11, 2021

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Adedayo O. Idowu, LAW OFFICE OF ADEDAYO O. IDOWU, New York, New York, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Bernard A. Joseph, Senior Litigation Counsel, Jaclyn E. Shea, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Badassawe Tebonou, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals denying Tebonou's (1) motion to reconsider the Board's prior order denying his first motion to reopen removal proceedings, in which Tebonou asserted a material change in conditions in Togo; and (2) second motion to reopen based on a pending I-130 Petition for Alien Relative filed by Tebonou's U.S-citizen wife. We deny in part and dismiss in part the petition for review.

First, as to the Board's order denying Tebonou's motion for reconsideration, we have reviewed the arguments Tebonou presses on appeal in conjunction with the administrative record, and discern no abuse of the Board's discretion in denying that motion. *See Narine v. Holder*, 559 F.3d 246, 249 (4th Cir. 2009) (stating standard of review). We therefore deny the petition for review in part for the reasons stated by the Board. *See In re Tebonou* (B.I.A. Mar. 23, 2020).

Tebonou next asserts that, because he is married to an American citizen, he is "eligible for the discretionary relief of adjustment of status." (Pet'r's Br. (ECF No. 13) at 15). This statement, without more, is insufficient to secure appellate review of the Board's denial of Tebonou's second motion to reopen. *See* Fed. R. App. P. 28(a)(8)(A); *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (noting issues not raised in appellate brief are waived). We thus conclude that Tebonou has waived appellate review of this aspect of the Board's order.

The remainder of Tebonou's arguments relate to the Board's December 10, 2019, order denying Tebonou's initial motion to reopen. However, Tebonou did not file the

2

underlying petition for review until April 22, 2020. Accordingly, we lack jurisdiction to review these contentions because Tebonou failed to timely petition this court for review of that specific order. *See* 8 U.S.C. § 1252(b)(1) (providing that petition for review must be filed no later than 30 days after date of final order of removal); *Stone v. INS*, 514 U.S. 386, 405 (1995) (noting that this time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms"). We observe that Tebonou's subsequent filing of a motion for reconsideration and second motion to reopen did not toll the time period for seeking review of the Board's order denying Tebonou's first motion to reopen. *See Stone*, 514 U.S. at 394. Because the current petition for review is untimely as to the Board's December 10, 2019, order denying the first motion to reopen, we dismiss this petition for review in part for lack of jurisdiction as to Tebonou's arguments related to that order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*

3